UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOSEPH JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 12-CV-3195 |
| ) | |
| DR. SALEH OBAISI, LISA ) | |
| LERCHER, AND DR. N. ) | |
| YOUSUF, ) | |
| ) | |
| Defendants. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Logan Correctional Center, seeks treatment for his fractured hand. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is

1

"frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). <u>Zimmerman v. Tribble</u>, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>EEOC v. Concentra Health Serv., Inc.</u>, 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" <u>Id.</u> (*quoting* <u>Bell Atlantic</u>, 550 U.S. at 555). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56).  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

In February 2012, Plaintiff injured his hand defending himself from an assault.  Several days later, Dr. Obaisi saw Plaintiff and ordered x-rays and Ibuprofen.  The x-ray report was authored by Defendant Dr. N. Yousuf, from "OneRadiology" in Normal, Illinois.  Dr. Yousuf wrote:

> FINDINGS: Five views of the right hand demonstrate soft tissue swelling about the hypothenar eminence and thenar eminence but no acute regional bony fracture or dislocation is seen.
>
> Minor degenerative changes are seen.
>
> Please correlate clinically.

(2/10/12 radiology report, attached to Complaint.)  Based on this report, Dr. Obaisi told Plaintiff that his hand was swollen, not fractured, and that Plaintiff would be alright.

However, Plaintiff continued to experience swelling and severe pain for months.  His attempts to obtain further treatment were refused until May 22, 2012, when another x-ray was ordered.  Dr. Yousuf's second report stated in relevant part:

> slight irregularity of what appears to be distal end of the 3rd metacarpal which was poorly visualized on the previous study. Findings may represent a healing fracture.  Continued follow-up is recommended.  Rest of the bony structures are intact.

(5/23/12 radiology report, attached to Complaint.)  Plaintiff interprets this to mean that his hand had in fact been broken in February 2012 and had healed incorrectly.  Plaintiff still has not received treatment for his hand, which remains swollen and painful.

## ANALYSIS

Deliberate indifference to a serious medical need violates a prisoner's right under the Eighth Amendment to be free from cruel and unusual punishment.  Hayes v. Snyder, 546 F.3d 516, 522 (7th Cir.

2008).  The medical need must be objectively serious, meaning "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id., *quoting* Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005).  The subjective component, deliberate indifference, does not encompass negligence or even gross negligence. Chapman, 241 F.3d at 845 (citation omitted).  A defendant acts with deliberate indifference if he or she personally knows about the serious medical need, has the authority and opportunity to do something about it, and yet consciously disregards the problem. Thomas, 604 F.3d at 301 ("The official must have subjective knowledge of the risk to the inmate's health and also must disregard that risk.").  The mindset for deliberate indifference is akin to criminal recklessness. King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012).

    Plaintiff arguably states a claim for deliberate indifference to his serious medical need against Dr. Obaisi and Nurse Lercher.  Although Dr. Yousuf's first report indicated no fracture, Plaintiff continues to

experience swelling and severe pain more than seven months after the injury. The failure of Dr. Obaisi and Nurse Lercher to respond to Plaintiff's repeated pleas in light of the alleged failure of the injury to heal could amount to deliberate indifference. Nurse Lecher may have been entitled to rely on Dr. Obaisi's professional determinations, but that decision should await a more developed factual record.

    Plaintiff also sues Dr. Yousuf for failing to initially diagnose the fracture. Dr. Yousuf appears to be a private radiologist, not a government employee. Rodriguez v. Plymouth Ambulance Service, 577 F.3d 816, 823, 827 (7th Cir. 2009)("When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law."). However, Dr. Yousuf might be considered a state actor if he voluntarily undertook to provide services to inmates, such as pursuant to a contract with the prison. See Rice v. Correctional Medical Serv., 675 F.3d 650, 672 (7th Cir. 2012)(private psychiatrist could be state actor if providing services to inmates voluntarily, such as pursuant

to contract); <u>Rodriguez</u>, 577 F.3d at 829 (ambulance service and emergency medical technicians might be state actors depending on development of facts; hospital that apparently had "ongoing relationship with prison authorities for the care of prisoner-patients" was a state actor).

In any event, even if Dr. Yousuf is a state actor, no plausible inference of deliberate indifference arises against him. Dr. Yousuf's alleged failure to see a fracture in the first x-rays is not deliberate indifference. "'Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. . . .'" <u>Walker v. Benjamin</u>, 293 F.3d 1030, 1037 (7th Cir. 2002). If Plaintiff is trying to pursue a negligence claim against Dr. Yousuf, he must submit a physician's report finding some merit to a malpractice claim. 735 ILCS 5/2-622.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for September 10, 2012 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

2)  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Obaisi and Lercher.

3) Defendant Dr. Yousuf is dismissed, without prejudice, for failure to state a federal claim against him, and, to the extent Plaintiff pursues a state law negligence claim against Dr. Yousuf, for failing to attach the documents required by 735 ILCS 5/2-622.

4) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

5)  If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)  Defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8)  Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed

with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

9) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on October 22, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ will issue for Plaintiff's presence unless directed by the Court.

11) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall

arrange the time for the deposition.

12)  Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: September 6, 2012

FOR THE COURT:

<u>    s/Sue E. Myerscough    </u>  
SUE E. MYERSCOUGH  
UNITED STATES DISTRICT JUDGE